UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY MORGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SYKES ENTERPRISES, INCORPORATED, JEANNE BELIVEAU-DUNN, MARK C. BOZEK, VANESSA C.L. CHANG, CARLOS E. EVANS, LORRAINE L. LUTTON, JAMES S. MACLEOD, WILLIAM D. MUIR, JR., CHARLES E. SYKES, and W. MARK WATSON,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Anthony Morgan ("Plaintiff"), alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Sykes Enterprises, Incorporated ("Sykes" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Sitel Worldwide Corporation through its wholly owned subsidiary Florida Mergersub, Inc. (collectively "Sitel").

2. Defendants have violated the above-referenced Sections of the Securities Exchange Act by causing a materially incomplete and misleading proxy statement (the "Proxy") to be filed with the SEC on July 26, 2021. The Proxy recommends that Sykes stockholders vote in favor of a

proposed transaction (the "Proposed Transaction") whereby Sykes is acquired by Sitel. The Proposed Transaction was first disclosed on June 18, 2021, when Sykes and Sitel announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Sitel will acquire all of the outstanding shares of common stock of Sykes for $54.00 per share (the "Merger Consideration"). The deal is valued at approximately $2.2 billion.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Securities Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman Sachs"); and (ii) potential conflicts of interest faced by Goldman Sachs.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disseminated to Sykes' stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of Sykes common stock.

6. Defendant Sykes is a Florida corporation with its principal executive offices located at 400 N. Ashley Drive, Suite 2800, Tampa, Florida 33602. The Company's common stock is traded on NASDAQ under the ticker symbol "SYKE."

7. Defendant Charles E. Sykes has been President, Chief Executive Officer ("CEO"),

and a director of the Company since August 2004.

8. Defendant Jeanne Beliveau-Dunn is and has been a director of the Company since May 18, 2021.

9. Defendant Mark C. Bozek has been a director of the Company since 2019.

10. Defendant Vanessa C.L. Chang has been a director of the Company since 2016.

11. Defendant Carlos E. Evans has been a director of the Company since 2016.

12. Defendant Lorraine L. Lutton has been a director of the Company since 2014.

13. Defendant James S. MacLeod has been Non-Executive Chair since 2016 and a director of the Company since May 2005.

14. Defendant William D. Muir, Jr. has been a director of the Company since 2014.

15. Defendant W. Mark Watson has been a director of the Company since 2018.

16. Defendants Sykes, Beliveau-Dunn, Bozek, Chang, Evans, Lutton, MacLeod, Muir and Watson are collectively referred to herein as the "Board" or the "Individual Defendants."

17. Nonparty Sitel is a leading global provider of customer experience products and solutions.

18. Nonparty Merger Sub is a Florida corporation and a wholly owned subsidiary of Sitel.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

20. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

22. Sykes is a leading provider of customer experience management services, multichannel demand generation and digital transformation. The Company provides differentiated full lifecycle customer experience management solutions and services primarily to Global 2000 companies and their end customers principally in the financial services, technology, communications, transportation & leisure and healthcare industries. In addition to digital transformation, Sykes also provides artificial intelligence solutions that can be embedded and leveraged across its lifecycle offerings. The Company provides its services through two geographic operating regions: the Americas (United States, Canada, Latin America, Australia and the Asia Pacific Rim) and EMEA (Europe, the Middle East and Africa).

23. On June 18, 2021, Sykes issued a press release announcing the Proposed Transaction. The press release stated, in relevant part:

> TAMPA, Fla., June 18, 2021 -- Sykes Enterprises, Incorporated ("SYKES" or the "Company") (NASDAQ: SYKE), a leading full life cycle provider of global customer experience management services, multichannel demand generation and digital transformation, and Sitel Group®, a leading global provider of customer experience (CX) products and solutions, today announced they have entered into a definitive merger agreement in which Sitel Group, through a wholly owned subsidiary, will acquire all of SYKES' outstanding shares of common stock at a purchase price of $54 per share in a transaction valued at approximately $2.2 billion

on a fully diluted basis. The purchase price represents a premium of 31.2% over SYKES' closing price on June 17, 2021, and a premium of 29.1% over the 30-day volume-weighted average price of SYKES' common stock.

President and Chief Executive Officer of the Company Chuck Sykes stated, "This combination marks a major milestone in our 40-plus year operating history. Thanks to the hard work of our team members, this transaction validates the execution of our vision, strategy, our differentiated full lifecycle business model and promises immediate and certain value for our stockholders at an attractive premium. As we embark on the next phase of our journey, there is an opportunity to take the business to historic heights with a proven partner with similar culture and values. In Sitel Group, I am confident that we have a valuable partner with a solid heritage of deep industry knowledge and experience, solid industry reputation, a shared vision and a people-first culture to better serve customers."

"The strategic rationale driving this combination is solid," said Laurent Uberti, President and Chief Executive Officer of Sitel Group. "By joining forces with such a healthy, profitable and financially solid U.S. brand that also has a stellar reputation, we will further enhance our global reach. With this combination, we will be a more competitive BPO player with a wide range of CX products and solutions, leveraging EXP+™, the Enterprise Experience Platform from Sitel Group, especially with the addition of SYKES' CX solutions in digital, social media and robotic process automation (RPA), through their suite of digital transformation capabilities such as Clearlink and Symphony. By combining the two companies, our expanded geographic footprint, multi-shore solutions and greater capacity to serve customers will make us better equipped to help our customers navigate the rapid changes within the sector together. We began this journey more than 25 years ago and our entrepreneurial mindset still guides us, along with our talented people around the world and our people-centric values. We are excited about our future and continuing our story with best-in-class CX delivery for our customers and a greater employee experience for our combined 155,000 people. We have tremendous respect for Chuck Sykes and the business he and his family have built and all they have accomplished."

The proposed transaction is not subject to a financing condition, is expected to be completed in the second half of 2021 and is subject to the approval of SYKES' shareholders and customary closing conditions, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other regulatory clearances. Upon the closing of the transaction, which was approved unanimously by the Company's Board of Directors, SYKES will become a privately-held company and its shares will cease trading on Nasdaq.

"On behalf of the SYKES board of directors, this transaction delivers significant and immediate value to our shareholders. We followed a disciplined process in forming a special transaction committee of the Board of Directors, which was

chaired by independent director Carlos Evans, to facilitate the Board of Directors' evaluation of strategic alternatives. After a thorough analysis, in concert with our advisors, the special transaction committee and the Company's Board of Directors determined that this transaction is in the best interests of SYKES and its shareholders," commented James S. MacLeod, SYKES' Chairman of the Board of Directors.

**Advisors**

Goldman Sachs & Co. LLC served as exclusive financial advisor and Shumaker, Loop & Kendrick, LLP served as legal counsel to SYKES. The special transaction committee of the Board of Directors of SYKES was advised by Ballard Spahr LLP. Lazard Freres SAS served as financial advisor and Freshfields Bruckhaus Deringer US LLP served as legal counsel to Sitel Group. Committed debt financing has been provided by BNP Paribas to Sitel Group.

**B. The Materially Incomplete and Misleading Proxy**

24. The Individual Defendants must disclose all material information regarding the Proposed Transaction to Company stockholders so that they can make a fully informed decision whether to vote in favor of the Proposed Transaction

25. On July 26, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

26. Specifically, as set forth below, the Proxy fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs; and (ii) potential conflicts of interest faced by Goldman Sachs.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Financial Analyses*

27. With respect to Goldman Sachs's *Illustrative Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the range of illustrative terminal values for the Company; (ii) the inputs and assumptions underlying the discount rates ranging from 8.0% to 9.0%; (iii) the Company's net cash as of March 31, 2021; and (iv) the number of fully-diluted outstanding Company shares.

28. With respect to Goldman Sachs's *Illustrative Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose: (i) the estimated net cash of the Company as of December 31 for each of the fiscal years 2021 to 2023; (ii) the number of fully-diluted outstanding Company shares; and (iii) the inputs and assumptions underlying the discount rate 8.5%.

29. With respect to Goldman Sachs's *Premia Analysis*, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Potential Conflicts of Interest*

30. With respect to Goldman Sachs' engagement as the financial advisor to the Company, the Proxy Statement fails to disclose any previous engagements of Goldman Sachs's divisions, other than its Investment Banking Division, by the Company, Sitel, or their affiliates and third parties for any services in the two-year period ending June 17, 2021 and the amount of compensation paid to Goldman Sachs for these engagements.

31. Disclosure of investment banker compensation and all potential conflicts is essential to allow stockholders to be able to assess the objectivity of the advisor and in turn decide what credence, if any, to give to the advisor's fairness opinion. Without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

32. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

33. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

34. Further, the Proxy indicates that on June 17, 2021, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Sykes' stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs' financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

35. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

36. Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

37. Defendants have filed the Proxy with the SEC with the intention of soliciting Sykes

stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

38. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Sykes, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

39. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

40. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning the value of Sykes shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion, and potential conflicts of interest faced by Goldman Sachs.

41. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and discussed its financial analyses with the Board on June 17, 2021, and further states that the Board

considered Goldman Sachs' financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

42. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Sykes within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Sykes and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the

statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

47. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the directors.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Sykes's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against defendants as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 13, 2021 **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*